UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALE AYLESWORTH,

    Plaintiff,

v.	Case No:   2:14-cv-570-FtM-MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Dale Aylesworth's Complaint (Doc. 1) filed on September 30, 2014.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits, and supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B. Procedural History

On July 5, 2011, Plaintiff filed an application for disability insurance benefits and for supplemental security income asserting an onset date of April 23, 2009. (Tr. at 113, 114, 214-230). Plaintiff's applications were denied initially on October 11, 2011, and on reconsideration on November 14, 2011. (Tr. at 113, 114, 141, 142). A hearing was held before Administrative Law Judge ("ALJ") Joseph L. Brinkley on June 13, 2013. (Tr. at 37-100). The ALJ issued an unfavorable decision on June 21, 2013. (Tr. at 13-27). The ALJ found Plaintiff not to be under a disability from April 23, 2009 through the date of the decision. (Tr. at 27).

On July 29, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. at 1-3). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on September 30, 2014. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 17).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[1] (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). An ALJ must

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through June 30, 2012. (Tr. at 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 23, 2009, the alleged onset date. (Tr. at 15). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression; post-traumatic stress disorder; and a history of alcohol abuse. (Tr. at 15). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 16). At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a light work except that Plaintiff:

> will require a sit/stand at-will option requiring him to remain in the vicinity of his work station in each position during non-scheduled, regular breaks; can occasionally climb ramps/stairs, balance, kneel, and stoop; can never crawl, crouch, or climb ladders, ropes, or scaffolds; must avoid concentrated exposure to wetness, vibrations, extreme hot or cold temperatures, and workplace hazards – including unprotected heights, dangerous machinery, and uneven terrain; is limited to unskilled simple, routine, and repetitive tasks; occasional superficial contact with general public (meaning he can be in same work location as the public and may occasionally have indirect communication with the public as in extending it greeting of the day in passing but can no [sic] ongoing, direct interaction with it); can occasionally engage in physical contact with coworkers; never engage in team

3

>and tandem work; and is limited to production quotas and assembly online jobs that are not fast paced.

(Tr. at 17-18). The ALJ determined that Plaintiff is unable to perform his past relevant work as a security guard, medical assistant, phlebotomist, drafter, carpenter, and sales clerk. (Tr. at 25). The ALJ considered Plaintiff's age, education, work experience, and RFC to determine that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 26). The ALJ found that Plaintiff could perform the following jobs:

>1) mail clerk, D.O.T. 209-687-026, light exertional level, svp 2; and
>
>2) assembler arranger, D.O.T. 739.687-010, light exertional level, svp 2.

(Tr. at 26). The ALJ determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles, and acknowledged that the vocational expert was experienced in considering a sit/stand option. The ALJ concluded that Plaintiff was not under a disability from April 23, 2009, through the date of the decision. (Tr. at 26).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.    Analysis**

Plaintiff raises two issues on appeal. Plaintiff asserts: (1) the ALJ erred in failing to address the opinions of medical advisors to the State Disability Determination Service that Plaintiff would have moderate limitations in accepting instructions and criticism from supervisors; and (2) the ALJ erred in relying on a response by the Vocational Expert to an incomplete hypothetical.

**A.  Whether the ALJ erred in failing to address certain medical opinions**

Plaintiff argues that the ALJ erred in failing to comply with Social Security Ruling ("SSR") 96-6P,[2] by failing to include a limitation found by the medical advisors to the State

---

[2] SSR 96-6P provides in part as follows:

**PURPOSE**: To clarify Social Security Administration policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators at the administrative law judge and Appeals Council levels. Also, to restore to the Rulings and clarify policy interpretations regarding administrative law judge and Appeals Council responsibility for obtaining opinions of physicians or psychologists designated by the Commissioner regarding equivalence to listings in the Listing of Impairments (appendix 1, subpart P of 20 CFR part 404) formerly in SSR 83-19.

5

Disability Determination Service. Specifically, Plaintiff claims that even though the ALJ gave great weight to the opinions of the medical advisors to the Disability Determination Service, the ALJ failed to include in his RFC determination the moderate limitation in Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors found by these medical professionals. The Commissioner asserts that the ALJ fully discussed these medical advisors' opinions and included within his findings the limitations he adopted from these medical advisors. Further, the Commissioner responds that in their narrative, Drs. DeCubas and Buffone, the medical advisors to the Disability Determination Service qualified Plaintiff's social interaction limitations based on his sobriety. Lastly, the Commissioner argues that the jobs identified by the ALJ that Plaintiff is able to perform do not require significant contact with supervisors.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age, education, and work experience, the RFC is considered in determining whether

---

In particular, to emphasize the following longstanding policies and policy interpretations:

1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.

2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

6

the claimant can work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

"Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless 'good cause' is shown. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5); and *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). A doctor's opinion may be discredited when it is contrary to or unsupported by the evidence of record, or the opinion is inconsistent with the doctor's own medical records. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). "Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by

substantial evidence, there is no reversible error." *Id.* (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

On September 29, 2011, Mercedes DeCubas Ph.D. completed a Residual Functional Capacity Assessment. (Tr. at 108-109). Dr. DeCubas determined that Plaintiff was "[m]oderately limited" in his ability "to accept instructions and respond appropriately to criticism from supervisors." (Tr. at 109). Dr. DeCubas explained that "[a]s long as he remains sober, claimant has adequate social skills. However, he may prefer a setting with minimal interpersonal demands." (Tr. at 109). On November 9, 2011, Gary W. Buffone, Ph.D., ABPP completed a Residual Functional Capacity Assessment. (Tr. at 123-124). Dr. Buffone found Plaintiff to be "[m]oderately limited" in his ability "to accept instructions and respond appropriately to criticism from supervisors." (Tr. at 124). Dr. Buffone explained that as long as Plaintiff remained sober, he "has adequate social skills. However, he may prefer a setting with minimal interpersonal demands." (Tr. at 124).

The ALJ discussed the two Disability Determination Services medical examiners. (Tr. at 21-22). The ALJ noted that the initial examiner found that Plaintiff was able to carry out instructions, had adequate social skills if sober, and would prefer a setting with minimal interpersonal demands. (Tr. at 22). The ALJ acknowledged that the second Disability Determination Services medical examiner affirmed the prior medical examiner's opinion. (Tr. at 22). The ALJ afforded great weight to the medical opinions of these medical examiners as to the alleged severity of symptoms. (Tr. at 22). The ALJ found that the medical examiners accounted for the alleged severity of symptoms in their opinions, and the ALJ accounted for these limitations in his functional assessment. (Tr. p. 22). The ALJ states that he limited Plaintiff's RFC. For the issue raised, the ALJ limited Plaintiff's RFC to occasional superficial contact with

the "general public (meaning he can be in same work location as the public and may occasionally have indirect communication with the public as in extending it greeting of the day in passing but can no [sic] ongoing, direct interaction with it);" can occasionally engage in physical contact with coworkers; can never engage in team and tandem work; and is limited to production quotas and assembly line jobs that are not fast-paced. (Tr. at 22). The ALJ included these limitations in the RFC for Plaintiff.

Although the ALJ did not specifically include that Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors, the ALJ did thoroughly review both Dr. DeCubas' and Dr. Buffone's opinions. The ALJ incorporated many of the limitations found by Dr. DeCubas and Dr. Buffone in his RFC finding. Some of the limitations that the ALJ found would also apply to Plaintiff's interaction with supervisors. The ALJ found that Plaintiff is limited to unskilled simple routine and repetitive tasks; occasional superficial contact with the general public; can occasionally engage in physical contact with co-workers; and never engage in team and tandem work. (Tr. at 18). Although the limitations in the RFC do not specifically state that Plaintiff has limitations in his ability to accept instructions and respond appropriately to criticism from supervisors, the limitations that the ALJ did find certainly encompass that Plaintiff has limitations in contact with people and with co-workers, and is unable to engage in team or tandem work. Further, both Dr. DeCubas and Dr. Buffone explained that as long as Plaintiff remained sober, he has adequate social skills, but may prefer a setting with minimal interpersonal demands. (Tr. at 109, 124). The limitations found by the ALJ included that Plaintiff have limited contact with people, which would constitute minimal interpersonal demands.

The ALJ carefully considered the opinions of Dr. DeCubas and Dr. Buffone and afforded them great weight. The Court determines that the ALJ did not err in failing to specifically include in the RFC that Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors. Further, even if the ALJ erred by not specifically including this limitation in his RFC findings, the error was harmless because the ALJ included sufficiently related limitations to encompass the limitation that Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors.

### B. Whether the ALJ erred in relying on a response by the Vocational Expert to an incomplete hypothetical

Plaintiff argues that the hypothetical posed by the ALJ was deficient because it failed to account for any limitations to accept instructions and respond appropriately to criticism from supervisors. The Commissioner responds that the ALJ's hypothetical contained the same credible limitations found by the ALJ in the RFC determination.

"At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Winchell v. Comm'r of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v)). An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there are jobs that exist in the national economy that a claimant can perform. *Id*. If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

The ALJ posed a hypothetical to the Vocational Expert. The hypothetical included limitations, and some of the limitations were: limited as to unskilled, simple, routine and repetitive tasks; occasional superficial contact with the general public; occasional contact, which is physical contact, with co-workers; occasionally engaging in continued and tandem work; and limited to work with production quotas that are not fast-paced. (Tr. at 91). The Vocational Expert found that a person with those limitations was able to perform certain jobs. (Tr. at 91). The ALJ then added additional limitations, including that the person was not able to work in teams or tandem with other workers. (Tr. at 92). The Vocational Expert found that a person with these limitations would be able to perform work as an assembler/arranger and as a mail clerk. (Tr. at 92). The Vocational Expert testified that the two positions of assembler/arranger and mail clerk are both occupations that are relatively isolated. (Tr. at 92).

At the hearing, counsel for Plaintiff questioned the Vocational Expert as to whether any jobs exist if the individual in the hypothetical was able to only have indirect contact with a supervisor. (Tr. at 95). The Vocational Expert found that individual would be unemployable. (Tr. at 95).

The second hypothetical by the ALJ included the limitations that he found as to Plaintiff's ability to perform work. The Court found above that the ALJ did not err in failing to include a limitations as to the ability to accept instructions and respond appropriately to criticism from supervisors. The Vocational Expert noted that the two jobs listed that Plaintiff would be able to perform were jobs that are relatively isolated.

Plaintiff's counsel exceeded Dr. DeCubas' and Dr. Buffone's limitation involving contact with supervisors in questioning the Vocational Expert by propounding a hypothetical where the person was unable to directly work with supervisors. Dr. DeCubas and Dr. Buffone did not

preclude Plaintiff from having any contact with supervisors. Rather, they found Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors. The Court determines that the hypothetical given by the ALJ to the Vocational Expert was not incomplete.

Further, at step five of the sequential evaluation, the burden rests with the Commissioner to show the existence of jobs that a plaintiff can perform in the national economy allowing for his impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). If the Commissioner can demonstrate that there are jobs that a plaintiff is able to perform, then the plaintiff must prove that he is unable to perform those jobs in order to be found disabled. *Id*. Plaintiff was represented by counsel at the hearing and counsel had the opportunity to question the Vocational Expert concerning a limitation as to the ability to accept instructions and respond appropriately to criticism from supervisors. When questioning the Vocational Expert, rather then asking the Vocational Expert about the specific limitation at issue, Plaintiff's counsel exceeded the limitation set forth by Dr. DeCubas and Dr. Buffone by asking the Vocational Expert if jobs existed for an individual who was limited to indirect contact with supervisors. Plaintiff failed to avail himself of that opportunity to make a full inquiry of the Vocational Expert. *See Gaines v. Colvin*, No. 8:14-CV-125-T-TGW, 2015 WL 769926, at *5 (M.D. Fla. Feb. 23, 2015) (Plaintiff had the opportunity at the hearing to question the vocational expert as to any doubts that plaintiff could perform jobs identified by the vocational expert, and failed to pursue that inquiry). Plaintiff has not met his burden of showing that he is unable to perform the jobs of mail clerk and assembler/arranger, and the ALJ did not err in relying on the response by the Vocational Expert to the hypothetical presented.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 30, 2015.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties